**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re:  Tercel Tyree Tweedy | ) | |
| | ) | |
| | ) | Case No. 26-30899-KLP |
| Debtor(s). | ) | |
| | ) | |
| | ) | Chapter 13 |
| Debtor(s) address: | ) | |
| 10400 Eagle Court | ) | |
| North Prince George, VA 23860 | ) | |
| | ) | |
| Last four digits of Social Security No(s).: | ) | |
| 9350 | ) | |

**NOTICE OF MOTION (OR OBJECTION)**

Debtor, by counsel, has filed papers with the Court to Extend Automatic Stay.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion (or objection), or if you want the court to consider your views on the motion (or objection), then on or before March 24, 2026, you or your attorney must:

[**X**]    File with the court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(H)].  If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

Clerk of Court
United States Bankruptcy Court
701 East Broad Street, Suite 4000
Richmond, VA 23219

You must also mail a copy to:

America Law Group, Inc.
Attn: Robert B. Duke, Jr.
8501 Mayland Dr. Ste. 106

Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)

Henrico, VA 23294

[ ]       Attend a hearing to be scheduled at a later date.  You will receive separate notice of hearing.  **If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.**

[**X**]   Attend the hearing on the motion (or objection) scheduled to be held on <u>April 1, 2026 at 9:30 A.M.</u> at the United States Bankruptcy Court, <u>701 East Broad Street, Courtroom 5100, Richmond, VA 23219</u>.

<strong>NOTICE</strong>

**UNDER LOCAL BANKRUPTCY RULE 9013-1, UNLESS A WRITTEN RESPONSE IN OPPOSITION TO THIS MOTION AND SUPPORTING MEMORANDUM ARE FILED WITH THE CLERK OF COURT AND SERVED ON THE MOVING PARTY WITHIN 21 [OR APPLICABLE NOTICE PERIOD UNDER THE FEDERAL RULES OF BANKRUPTCY PROCEDURE OR THESE LOCAL BANKRUPTCY RULES] DAYS OF THE SERVICE OF THIS NOTICE, THE COURT MAY DEEM ANY OPPOSITION WAIVED AND TREAT THE MOTION [OR APPLICATION OR PROPOSED ACTION] AS CONCEDED.**

**A HEARING TO CONSIDER THE RELIEF REQUESTED IN THIS MOTION IS SCHEDULED FOR APRIL 1, 2026 AT 9:30 A.M., AT THE UNITED STATES BANKRUPTCY COURT, 701 EAST BROAD STREET, COURTROOM 5100, RICHMOND, VA 23219.**

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date:  March 10, 2026

Signature, name, address, and telephone number of person giving notice:

/s/ Robert B. Duke, Jr.
Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
(804) 308-0051
Counsel for Debtor(s)

Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re:

Tercel Tyree Tweedy                              Case No. 26-30899-KLP

Debtor(s).                                       Chapter 13

**MOTION TO EXTEND AUTOMATIC STAY AND**
**MEMORANDUM IN SUPPORT THEREOF**

COMES NOW the Debtor, by counsel, and offers the following Memorandum in Support of Debtor's Motion to Extend Automatic Stay:

**JURISDICTION**

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor(s).

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

**BACKGROUND FACTS**

4. On March 6, 2026 (hereinafter the "Petition Date"), the Debtor(s) filed in this Honorable Court a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 et seq. (the "instant case").

5. Michael R. Jones was appointed to serve as Chapter 13 trustee in this case (the "Trustee").

6. Within the year prior to filing the instant case, Debtor(s) have been Debtor(s) in one (1) pending Chapter 13 bankruptcy case (the "previous case"), a case filed on May 7, 2024, and dismissed on February 6, 2026 (Case No. 24-31758-BFK).

7. The previous case was dismissed due to the Debtor's failure to make Chapter 13 plan payments.

**FACTS OF THE INSTANT CASE**

Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)

8.   In the instant case, Debtor(s) has proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee $100.00 for one month, then $1,720.00 per month for a total period of sixty (60) months.  Other than administrative expenses, the Plan proposes the following:

    a.   To pay secured debt of approximately $15,629.18.

    b.   To pay vehicle arrears of approximately $7,477.78.

    c.   To pay priority unsecured claims of approximately $4,732.61.

    d.   To pay a 100.00% dividend to non-priority unsecured creditors, which claims are approximately $58,177.97.  Student loans are to be paid outside the plan.

### DISCUSSION

9.   Because the instant case was filed within one (1) year of the dismissal of the previous case, the automatic stay will expire in the instant case on April 6, 2026, unless the Court extends the automatic stay pursuant to 11 U.S.C. §362 (c)(3)(A) and (B).

10. Pursuant to the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the Debtor(s) must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay pursuant to 11 U.S.C. §362 (c)(3)(B).

11.  If the Court finds grounds for presuming the instant case was filed "not in good faith" §362(c)(3)(C) would impose a burden on Debtor(s) to overcome such presumption and prove good faith by clear and convincing evidence.  If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtor(s) must merely prove good faith by a preponderance of the evidence.  In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B. R. 268, 273 (Bankr. M.D.N.C. 2006)

12.  Within the context of motions to continue the automatic stay pursuant to §362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007) instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149,

Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)

152 (4th Cir. 1986), and left unchanged by Congress when it created §362(c)(3). Chaney at 694.

13. Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia,* "the percentage of proposed repayment, the Debtors' financial situation, the period of time the payment will be made, the Debtors' employment history and prospects, the nature and amount of unsecured claims, the Debtors' past bankruptcy filings, the Debtors' honesty in present facts, and any unusual or exceptional problems facing the particular Debtors." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982). The focus of the inquiry is "to determine whether or not, considering 'all militating factors,' there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld, 794 F.2d at 152, *citing* Deans at 972 and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

14. In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to §362(c)(3),

> "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a find that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13"

Chaney at 694.

## **ARGUMENT**

15. In the case *sub judice*, there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor(s) must prove by clear and convincing evidence that the instant case was filed in good faith.

16. In the instant case, the Debtor(s) have acted in good faith, and Debtor(s) Requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor(s) and Debtor(s)' property, and as to the property of the estate for the duration of the instant case. In support thereof, Debtor(s) submit an Affidavit, which is attached hereto as Exhibit "A' and incorporated hereby by reference thereto.

Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)

17. Applying the <u>Neufeld</u> factors to the Debtor(s)' circumstances and to this case leads to the following conclusions:

a. *Percentage of proposed repayment* – The Plan proposes to pay a minimum dividend of 100.00% to non-priority unsecured creditors. Such creditors would receive a dividend of 0.00% if Debtor(s) was to file a Chapter 7 bankruptcy case. Application of this factor favors the finding of good faith.

b. *Debtors' financial situation* – The Debtor(s)' financial situation is sufficient to allow him to maintain an average standard of living for himself and his dependents, and to complete the terms of his Chapter 13 Plan.

   (1) Debtor has income from his full-time employment at OSL Retail Services, and his wife has income from working as a Doordash driver.

Furthermore, he has no extraordinary expenses and is not maintaining any expenses that are not necessary for his maintenance and support. Application of these factors favors a finding of good faith.

c. *Period of time payment will be made* – The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of these factors favors a finding of good faith.

d. *Debtors' employment history and prospects* – The Debtor(s)' income sources demonstrates that the proposed Chapter 13 Plan is feasible and in good faith. Application of these factors favors a finding of good faith.

e. *Nature and amount of unsecured claims* – Likewise, the nature and amount of the Debtor(s)' unsecured debt demonstrates good faith.

Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)

(1) His unsecured, non-priority debts are estimated to be approximately $58,177.97 and are proposed to be repaid at 100.00%.

f. *Debtors' past bankruptcy filings* - The instant Motion is required because the Debtor(s) has filed more than one (1) bankruptcy case. However, the Debtor(s)' bankruptcy history does not indicate a lack of good faith. The Affidavit attached hereto as Exhibit "A" describes fully the reason that his previous case was dismissed. Debtor(s) incorporate such explanation herein by this reference. Debtor(s)' hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

g. *Debtors' honesty in representing the facts* – The Debtor(s) has fully disclosed all assets, liabilities, and pertinent information regarding his personal and financial affairs. Application of this factor favors a finding of good faith.

h. *Any unusual or exceptional problems facing the particular Debtor(s)* – There are no unusual or exceptional problems facing the Debtor(s). Application of this factor favors a finding of good faith.

18. Debtor(s) assert that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the Debtor(s) to advance the goals and purposes of chapter 13". See Chaney at 694. In support hereof, Debtor(s) assert the following additional arguments:

a. *The timing of the petition* - Between the dismissal of the previous case and the instant case, Debtor(s) did not act in a manner to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor(s)' actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an

Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)

appropriate manner.  Application of this factor favors a finding of good faith.

b. *How the Debt(s) arose* – The debts in this case arose primarily over a period extending back several years.  The debts were not the result of misuse of credit or luxury spending; rather, they arose because of ordinary living expenses that Debtor(s) became unable to repay. Application of this factor favors a finding of good faith.

c. *The Debtor's motive in filing the petition* – Debtor(s)' motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

d. *How the Debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 8, *supra*. This factor will rarely favor a debtor as to the finding of good faith, because "filing for bankruptcy relief will almost always prejudice one's creditors."  Galanis, 334 B.R. at 696.

e. *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "A" describes fully the Debtor(s)' changes in circumstances and explains both the legitimate bases for the filing of this case as well as the Debtor(s)' ability to complete this case.  Debtor(s) incorporate such explanations herein by this reference. Application of this factor favors a finding of good faith.

WHEREFORE, the Debtor(s) respectfully request this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor(s) and Debtor(s)' property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

Respectfully submitted,

TERCEL TYREE TWEEDY

Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)

Dated: March 10, 2026

By: /s/ Robert B. Duke, Jr.
Robert B. Duke, Jr., Esq. VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: (804) 308-0051
Counsel for Debtor(s)

Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re:

|  |  |
|---|---|
| Tercel Tyree Tweedy | Case No. 26-30899-KLP |
| Debtor(s). | Chapter 13 |

## ORDER GRANTING MOTION TO EXTEND AUTOMATIC STAY

This matter came upon the Motion to Extend Automatic Stay and the Memorandum in Support Thereof (the "Motion") filed herein by Tercel Tyree Tweedy (the "Debtor"); and

UPON CONSIDERATION WHEREOF, it appearing to the Court that the Debtor filed this bankruptcy case on March 6, 2026 (the "instant case"), and an Order for Relief was entered; and

It appearing that the Debtor has had one (1) prior Chapter 13 Bankruptcy case (the "prior case") pending within one (1) year prior to the filing of this case, which prior case was dismissed; and

It appearing that the Motion and a Notice of Hearing has been properly served upon all creditors and parties in interest; and

It appearing that the filing of the instant case was in good faith as to all creditors; it is, accordingly,

**ADJUDGED, ORDERED**, and **DECREED** that the automatic stay of 11 U.S.C. § 362(a) shall not terminate and is hereby extended without condition as to the Debtor,

Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)

Debtor's property, all creditors, and all property of the bankruptcy estate throughout the

pendency of this case; and it is further

ORDERED that the Clerk shall mail copies of this Order, once entered to all

parties on the attached service list.

Date: _____

_____
United States Bankruptcy Judge


Entered on Docket: _____



I ask for this:

By: /s/ Robert B. Duke, Jr.
Robert B. Duke, Jr., Esq. VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: (804) 308-0051
Counsel for Debtor(s)

## **CERTIFICATION**

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing
order has been served upon or endorsed by all necessary parties.

/s/ _____
Robert B. Duke, Jr.

PARTIES TO RECEIVE COPIES:

Robert B. Duke, Jr., Esq.
*via the CM/ECF system*

Michael R. Jones, Chapter 13 Trustee
*via the CM/ECF system*

Office of the United States Trustee
*via the CM/ECF system*


Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)

Tercel Tyree Tweedy
10400 Eagle Court
North Prince George, VA 23860

## CERTIFICATE OF SERVICE

I certify that on March 10, 2026, a true copy of the foregoing Notice, Motion with attached Exhibit, and Proposed Order was sent via the Court's CM/ECF system to Michael R. Jones, Chapter 13 Trustee, to the Office of the United States Trustee, and mailed via first-class mail, postage prepaid, to all creditors as set forth on the attached service list.

/s/ Robert B. Duke, Jr.
Robert B. Duke, Jr.

## **CREDITORS**

Access Receivables Management
PO Box 1377
Cockeysville, MD 21030-0000

Bailey's Ridge Apartments, LLC
1004 Bailes Ridge Hwy
Fort Mill, SC 29707-0000

Commonwealth of Virginia
Department of Taxation
Department of Taxation
PO BOX 2156
Richmond, VA 23218

Credit One Bank
Attn: Bankruptcy Department
6801 Cimarron Rd
Las Vegas, NV 89113-0000

Dept Of Education/neln
Po Box 82561
Lincoln, NE 68501-0000

Eagle Preserve at Jordan on th
c/o Hodges Law Office PLLC
4908 Monument Ave, Suite 100
Richmond, VA 23230-0000

Eagle Preserve at Jordan on th

4480 Cox Rd Ste 200
Glen Allen, VA 23060-0000

FInwise Bank
c/o Opportunity Financial, LLC
PO Box 5040
Fredericksburg, VA 22403-0000

First Credit Services
Attn: Bankruptcy
Po Box 55 3 Skiles Ave
Piscataway, NJ 08855-0000

FirstFin Credit
Attn: Bankruptcy Dept
P.O. Box 1316
Dublin, OH 43017-0000

Ford Motor Credit Company
Attn: Bankrutcy
Po Box 542000
Omaha, NE 68154-0000

Ford Motor Credit Compnay
Attn: Bankrutcy
Po Box 542000
Omaha, NE 68154-0000

FSNB N.A.

Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)

Attn: Bankruptcy
Po Box 33009
Fort Sill, OK 73503-0000

IC Systems, Inc
Attn: Bankruptcy
Po Box 64378
St. Paul, MN 55164-0000

Internal Revenue Service
c/o Centralized Insolvency Op
PO Box 7346
Philadelphia, PA 19101-0000

Lvnv Funding/Resurgent Capital
Attn: Bankruptcy
Po Box 10587
Greenville, SC 29603-0000

Midland Credit Mgmt
Attn: Bankruptcy
Po Box 939069
San Diego, CA 92193-0000

National Credit Adjusters, LLC
Po Box 3023
Hutchinson, KS 67504-0000

Navy Federal Credit Union
Attn: Bankruptcy
P.O.Box 3000
Merrifield, VA 22119-0000

NCB Management Services
Attn: Bankruptcy
1 Allied Drive
Trevose, PA 19053-0000

NetCredit
Attn: Bankruptcy
175 W. Jackson Blvd. Ste 1000
Chicago, IL 60604-0000

OneMain Financial
Attn: Bankruptcy
Po Box 3251
Evansville, IN 47731-0000

OppLoans
OppLoans, Attn: Bankruptcy
P.O. Box 5040
Fredericksburg, VA 22403-0000

OppLoans
Attn: Bankruptcy
130 E Randolph St, Ste 3400
Chicago, IL 60601-0000

PennyMac Loan Services, LLC
Attn: Correspondence Unit
Po Box 514387
Los Angeles, CA 90051-0000

Petersburg Hospital Co.
c/o Faber and Brand
6750 New Town Ave
Columbia, MO 65203-0000

Petersburg Hospital Company
155 Franklin Rd Suite 400
Brentwood, TN 37027-0000

Petersburg Hospital Company
c/o Newsome Law Office
324 S Main St
Emporia, VA 23847-0000

Prince George County
Treasurer Susan Clark Vargo
P.O. Box 156
Prince George, VA 23875-0000

Quantum3 Group LLC
PO Box 2489
Kirkland, WA 98083-0000

Quantum3 Group LLC as agent for
CF Medical LLC
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Velocity Investments LLC
PO Box 788
Kirkland, WA 98083-0788

Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)

Scott & Associates, PC
28 E. Main Street. Ste 500
Rochester, NY 14614-0000

Springlf Fin
Po Box 1010
Evansville, IN 47706-0000

T-Mobile Bankruptcy Team
PO Box 53410
Bellevue, WA 98015-3410

T-Mobile by American Infosourc
PO Box 248848
Oklahoma City, OK 73124-0000

Target NB
Co Financial & Retail Services
Mailstop BT PO Box 9475
Minneapolis, MN 55440-0000

Target NB
C/O Financial & Retail Services
Mailstop BT PO Box 9475
Minneapolis, MN 55440-0000

Tbom/cci Mc
The Bank of Missouri, Attn:
Bankruptcy
906 N. Kingshighway
Perryville, MO 63775-0000

TD Bank USA, NA
c/o Weinstein & Riley, P.S.
P.O. Box 3978
Seattle, WA 98124-0000

U.S. Attorney
919 East Main Street
Suite 1900
Richmond, VA 23219

Virginia Dept. of Taxation
P.O. Box 2156
Richmond, VA 23218-0000

Robert B. Duke, Jr., Esq., VSB #74070
AMERICA LAW GROUP, INC.
8501 Mayland Dr. Ste. 106
Henrico, VA 23294
Phone: 804-308-0051
Counsel for Debtor(s)